# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

DEBORAH NORAH,

          Plaintiff,                        **Case No. 2:13-cv-981**

                                       **JUDGE GREGORY L. FROST**

         v.                             **Magistrate Judge Terrence P. Kemp**

CAROLYN COLVIN, COMMISSIONER
OF SOCIAL SECURITY,

          Defendant.

## OPINION AND ORDER

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) in which Plaintiff, Deborah R. Norah, seeks review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for social security disability insurance benefits and supplemental security income.  The matter is before the Court for consideration of the Magistrate Judge's August 5, 2014 Report and Recommendation ("R&R") (ECF No. 15), Plaintiff's objections thereto (ECF No. 16), and Defendant's response to Plaintiff's objections (ECF No. 18).  For the reasons that follow, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the R&R.

### I.        BACKGROUND

A brief summary of the procedural facts of this case is set forth below.  On June 11, 2010, Plaintiff filed applications for Social Security disability insurance benefits and supplemental security income.  After the Commissioner administratively denied Plaintiff's applications, she received a videoconference hearing before an Administrative Law Judge

("ALJ").  The ALJ likewise denied Plaintiff's application for benefits; that decision became final when the Appeals Council denied review.

Plaintiff filed this case for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).  In her Statement of Specific Errors, Plaintiff asserted, *inter alia*, that the ALJ erred in not finding that Plaintiff's intellectual disability meets the requirements of section 12.05(C) of the Code of Federal Regulations' Listing of Impairments, 20 C.F.R., Pt. 404, Subpt. P, App'x 1, § 12.05 ("Listing 12.05(C)").

The Magistrate Judge rejected Plaintiff's arguments and recommended that the Court enter judgment in favor of the Commissioner.  In the R&R, the Magistrate Judge found no error in the ALJ's decision that Plaintiff did not meet the criteria for disability under Listing 12.05(C).

Plaintiff timely objected to the Magistrate Judge's conclusions in the R&R.  Specifically, Plaintiff argues that she meets the diagnostic standards for mental retardation in a way that satisfies Listing 12.05(C) such that the ALJ and the Magistrate Judge erred in concluding otherwise.

## II.  ANALYSIS

### A.  Standard of Review

When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v.*

2

*Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). A decision supported by substantial evidence is therefore not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The substantial evidence standard " 'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.' " *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citations omitted).

### B. Listing 12.05(C)

The sole issue for this Court's consideration is whether Plaintiff meets the diagnostic standards for intellectual disability pursuant to Listing 12.05(C). Listing 12.05 defines "intellectual disability" as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R., Pt. 404, Subpt. P, App'x 1, § 12.05. To demonstrate an intellectual disability under § 12.05(C), a claimant must demonstrate "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id*. § 12.05(C). The Sixth Circuit has interpreted those regulations to require a showing of four elements:

3

> (1) significantly subaverage general intellectual functioning, (2) deficits in adaptive functioning, (3) evidence that the condition began before age twenty-two and (4) a valid IQ score of seventy or below along with a physical or other mental impairment imposing an additional and significant work-related limitation. 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.05(C)

*Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013) (internal quotations omitted).

As the Magistrate Judge correctly noted, the ALJ acknowledged that Plaintiff scored a 69 on a valid IQ test in 2008 (when she was approximate forty-four years old) but rejected Plaintiff's assertion that she suffered from a physical or other mental impairment imposing an additional and significant work-related limitation. The ALJ found that "there is no evidence to support a finding that [Plaintiff] was limited in at least two of the listed areas [communication, self-care, home living, social and interpersonal skills, work, leisure, health, and safety] on or before she turned 22 years old." (ECF No. 9, at PAGEID # 69.) In support of that conclusion, the ALJ noted that Plaintiff did not present any proof that she was enrolled in special education classes, that Plaintiff functioned well enough academically to earn Cs and Ds in regular classes before she dropped out of high school (which she did because she was pregnant and not because she could not do the work), that Plaintiff did not present evidence of any IQ scores prior to age 22, that a psychologist diagnosed Plaintiff as being capable of "borderline intellectual functioning" (as opposed to being mentally retarded), and that the state agency medical consultants found that Plaintiff did not meet or medically equal the listings.

The Magistrate Judge agreed that the record as a whole supported those findings. In expressing his agreement with the ALJ's conclusions, the Magistrate Judge observed, "[a]part from some issues with academic performance, there is nothing to suggest that Plaintiff had any deficits in adaptive functioning prior to age 22." (ECF No. 15, at PAGEID # 555.) The

Magistrate Judge also noted, as further evidence in support of the ALJ's conclusions, that Plaintiff maintained employment with two different employers for several years and that she could care for her daily needs without being impacted by her below-average cognitive abilities.

Plaintiff objected to the Magistrate Judge's characterization of her insufficient academic progress, low test scores, and the inability to attend school on time and consistently as "issues with academic performance" insufficient to establish deficits in adaptive functioning prior to age 22.  (ECF No. 16, at PAGEID # 562.)  Relying on *Kiser v. Colvin*, No. 3:12-CV-519, 2013 WL 5488525 (E.D. Tenn. Oct. 2, 2013), Plaintiff argues that poor academic performance combined with current IQ tests *can* support the conclusion that a claimant's deficits are longstanding. Plaintiff does not, however, argue that those facts mandate a finding that a claimant satisfies the conditions set forth in Listing 12.05(C).  Indeed, the Sixth Circuit has held that poor academic performance does not necessarily warrant a finding of onset of subaverage intellectual functioning before age twenty-two.  *Hayes v. Comm'r of Soc. Sec.*, 357 F. App'x 672, 677 (6th Cir. Dec. 18, 2009) (noting that the claimant's poor attendance, troubled home life, and admitted drug use were relevant to her poor academic performance; the fact that she earned grades of B, C, and D in the eighth grade did not prove subaverage intellectual functioning at that time).  The Commissioner is entitled (in fact, he is required) to rely on the record as a whole in determining whether Plaintiff met the criteria listed in § 12.05(C).  The record in this case suggests that Plaintiff earned Cs and Ds in regular classes while maintaining poor attendance and eventually dropping out due to pregnancy.  That Plaintiff disagrees with the Magistrate Judge's characterization of her academic issues does not warrant reversal of the ALJ's decision.

Plaintiff's objection to the Magistrate Judge's observation that she maintained employment with two different employers suffers from the same deficiency.  Even accepting

Plaintiff's legal argument that her "ability to perform unskilled work is not inconsistent with mild mental retardation," (ECF No. 16, at PAGEID # 562), her employment history remains a part of the record as a whole that both the ALJ and Magistrate Judge considered.  The Court agrees with the Magistrate Judge that Plaintiff's ability to maintain employment with two employers for many years—when combined with the other evidence in this case—is relevant evidence that supports the ALJ's conclusions.  Plaintiff's cited authority (stating that mentally handicapped individuals can perform unskilled work) does not compel the conclusion that the Magistrate Judge erred in considering Plaintiff's work history as relevant evidence in this case.

For her final objection, Plaintiff offers the general assertion that "the Magistrate Judge erred when he determined that the ALJ's findings regarding the Plaintiff's impairments were supported by substantial evidence."  (ECF No. 16, at 4.)  The Court disagrees.  Setting aside the issue of whether such a general objection entitles Plaintiff to *de novo* review of the R&R,[1] the Court has reviewed Plaintiff's Statement of Errors with respect to Listing 12.05(C) and finds no error by the Magistrate Judge.

In her Statement of Errors, Plaintiff argues that she meets Listing 12.05(C) because "substantial evidence . . . demonstrates multiple functional academic deficiencies that can therefore be used to infer the plaintiff's impairments before the age of 22."  (ECF No. 13, at PAGEID # 523.)  As the Magistrate Judge correctly noted, however, "that is not the standard." (ECF No. 15, at PAGEID # 555.)  *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").  Plaintiff therefore fails to persuade the Court that reversal of the ALJ's decision is warranted.

---

[1] *See, e.g., Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (stating that a general objection to the entirety of a magistrate's report does not aid judicial efficiency and therefore does not advance the "purposes for which the use of magistrates [was] authorized").

**III.     CONCLUSION**

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections to the R&R (ECF No. 16), **ADOPTS** the R&R (ECF No. 15), and **AFFIRMS** the decision of the Commissioner of Social Security.  The Clerk shall enter judgment accordingly and terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

<u>/s/ Gregory L. Frost</u>
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**